1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GREGORIO A. MALDONADO,

        Plaintiff,

    v.

WILLIAMS, et al.,

        Defendants.

Case No.  16-cv-04406-SI

**ORDER OF SERVICE**

Re: Dkt. No. 1

      Gregorio Maldonado, currently incarcerated at Corcoran State Prison, filed this *pro se* civil rights action under 42 U.S.C. § 1983 to complain about conditions of confinement at San Quentin State Prison, where he earlier was housed.  His complaint is now before the court for review under 28 U.S.C. § 1915A.

**BACKGROUND**

      The complaint alleges the following:

      On or about January 30, 2013, Maldonado arrived at San Quentin State Prison, and was housed together in the same unit with inmate Rodriguez.  On or about February 7, 2013, correctional officer (C/O) Williams instructed Maldonado to move away from Rodriguez for security reasons.

      Inmate Rodriguez was later moved by C/O Williams to another section in the same prison unit.  Being moved infuriated inmate Rodriguez, "a ZETA prison gang member."  Docket No. 1 at 3.  On or about April 16, 2013, inmate Rodriguez paid $50.00 to be re-housed in 4-W-24 housing unit, and was moved back into the cell where Maldonado was housed.  Rodriguez said it was his cell, and immediately threatened Maldonado with a shank and told him to move.

1   On April 18, 2013, Maldonado told C/O Lee about inmate Rodriguez's threats and that

2   Rodriguez was using drugs heavily.  C/O Lee ignored Maldonado's plea for help.

3   On May 9, 2013, inmate Ramos "also [a] ZETA gang member," approached and offered to

4   let Maldonado move into his cell.  Maldonado moved in, whereupon inmate Ramos robbed him of

5   almost $100 worth of canteen items and threatened to kill him.  *Id.* at 4.

6   On or about May 17, 2013, Maldonado informed C/O Williams of the death threats by the

7   ZETA prison gang, particularly inmate Ramos.  C/O Williams ignored Maldonado's warning that

8   his life was in danger and failed to provide him with protective custody.

9   On or about May 21, 2013, inmate Ramos again threatened to kill Maldonado.  Maldonado

10  informed C/O Cano that his life was in danger form the ZETA prison gang.  C/O Cano failed to

11  provide him with protective custody.

12  On or about May 21, 2013, inmate Ramos assaulted Maldonado with a shank in the cell.

13  Inmate Rodriguez was present at the time of the assault.  Maldonado was injured.

14

15  **DISCUSSION**

16  A federal court must engage in a preliminary screening of any case in which a prisoner

17  seeks redress from a governmental entity or officer or employee of a governmental entity.  *See* 28

18  U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any

19  claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or

20  seek monetary relief from a defendant who is immune from such relief.  *See id.* at §

21  1915A(b)(1),(2).  *Pro se* pleadings must be liberally construed.  *See Balistreri v. Pacifica Police*

22  *Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

23  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that a

24  right secured by the Constitution or laws of the United States was violated and (2) that the

25  violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487

26  U.S. 42, 48 (1988).

27  The Eighth Amendment's prohibition of cruel and unusual punishment requires that prison

28  officials take reasonable measures for the safety of inmates.  *See Farmer v. Brennan*, 511 U.S.

United States District Court
Northern District of California

2

825, 834 (1994).  In particular, officials have a duty to protect inmates from violence at the hands of other inmates.  *See id.* at 833.  A prison official violates the Eighth Amendment only when two requirements are met:  (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's safety.  See id. at 834.  To be liable in a failure to prevent harm situation, the official must know of and disregard an excessive risk to inmate safety.  *See id.* at 837.

Liberally construed, the *pro se* complaint states a cognizable claim against C/O Williams, C/O Lee, and C/O Cano for deliberate indifference to Maldonado's safety.  The complaint alleges that Maldonado alerted each of these defendants to a danger to his safety, and that each of them failed and refused to take actions to protect him.

## CONCLUSION

1.      Liberally construed, the complaint states a cognizable § 1983 claim against C/O Williams, C/O Lee, and C/O Cano for violating Maldonado's rights under the Eighth Amendment. All other claims and defendants are dismissed.

2.      The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, and a copy of the complaint, and a copy of this order upon the following three defendants, all of whom apparently work at San Quentin State Prison:

            - C/O Williams
            - C/O Lee
            - C/O Cano

3.      In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

            a.      No later than **March 10, 2017**, defendants must file and serve a motion for summary judgment or other dispositive motion.  If defendants are of the opinion that this case cannot be resolved by summary judgment, defendants must so inform the court prior to the date the motion is due.  If defendants file a motion for summary judgment, defendants must provide to plaintiff a new *Rand* notice regarding summary judgment procedures at the time they file such a

United States District Court
Northern District of California

3

motion.  *See Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012).

             b.      Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon defendants no later than **April 7, 2017**.  Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.

             c.      If defendants wish to file a reply brief, the reply brief must be filed and served no later than **April 21, 2017.**

             4.      Plaintiff is provided the following notices and warnings about the procedures for motions for summary judgment:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. . . . Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.  *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998).

If a defendant files a motion for summary judgment for failure to exhaust administrative remedies, he is seeking to have the case dismissed.  As with other defense summary judgment motions, if a motion for summary judgment for failure to exhaust administrative remedies is granted, the plaintiff's case will be dismissed and there will be no trial.

             5.      All communications by plaintiff with the court must be served on a defendant's counsel by mailing a true copy of the document to defendant's counsel.  The court may disregard any document which a party files but fails to send a copy of to his opponent.  Until a defendant's counsel has been designated, plaintiff may mail a true copy of the document directly to defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather

United States District Court
Northern District of California

4

than directly to that defendant.

6.     Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

7.     Plaintiff is responsible for prosecuting this case.  Plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

8.     Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

**IT IS SO ORDERED**.

Dated:  December 19, 2016

_____
SUSAN ILLSTON
United States District Judge