UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORIO A. MALDONADO,<br><br>    Plaintiff,<br><br>    v.<br><br>WILLIAMS, et al.,<br><br>    Defendants. | Case No. 16-cv-04406-SI<br><br>**ORDER RE. UNSERVED DEFENDANTS**<br><br>Re: Dkt. No. 11 |

On December 11, 2016, the court found that the *pro se* prisoner's civil rights complaint stated a cognizable Eighth Amendment claim against correctional officers Cano, Lee and Williams for deliberate indifference to plaintiff's safety, and ordered service of process on these three defendants. Defendant Cano was served with process and has appeared in this action. The Marshal was unable to serve process on defendants Lee and Williams with the information provided -- which consisted of only their last names and their reported employment at San Quentin State Prison. Docket Nos. 7 and 8.

Defendant Cano now moves under Federal Rule of Civil Procedure 4(m) for an order to show cause why defendants Lee and Williams should not be dismissed for failure to timely serve process on them. The motion is accompanied by a declaration from defense counsel, who describes her several efforts to learn the identity of the unserved defendants: (1) according to prison records, no one named Lee worked or was scheduled to work on the West Block at San Quentin on April 18, 2013, the relevant date alleged in the complaint; (2) there were three employees with the last name of "Williams," but it was unclear which of them plaintiff wanted to sue; and (3) when contacted by defense counsel, plaintiff failed to provide information to enable

defense counsel to locate Lee or to determine which Williams was the intended defendant. Plaintiff has not opposed the defense motion for an order to show cause.

"If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *See* Fed. R. Civ. P. 4. Where a prisoner is proceeding *in forma pauperis* and must rely on the Marshal for service of process, "[s]o long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service 'is automatically good cause' for not effectuating timely service.'" *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994), *overruled on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995); *see e.g., id.* (district court did not err in dismissing defendant where plaintiff "did not prove that he provided the marshal with sufficient information to serve" this particular defendant or that he requested service).

Defendant has adequately demonstrated that service of process did not occur within ninety days of the date the court ordered service of process on defendants Williams and Lee, and that the lack of service is due to plaintiff's failure to provide sufficient identifying information for either of these two defendants. Although it is the Marshal's duty to serve process, his ability to do so depends on the plaintiff providing sufficient information about a defendant for the Marshal to find the defendant to serve him or her. Plaintiff has not done so here. Accordingly, defendant's motion for an order to show cause under Rule 4(m) is GRANTED. Docket No. 11.

No later than **May 12, 2017**, plaintiff must provide information further identifying correctional officer Lee and correctional officer Williams so that they may be served with process. Such information may include their first names or initials. In the alternative, plaintiff must show cause by that same deadline why he has not provided the information needed to locate the defendants and serve process on them. If plaintiff fails to provide sufficient information to enable service of process to be accomplished on the unserved defendants, the unserved defendants will be dismissed without prejudice unless plaintiff shows cause for his failure to provide the information.

In light of the need to take care of the service of process problem, the court now VACATES the briefing schedule for dispositive motions. Once the service of process problem is resolved, the court will reset the briefing schedule.

**IT IS SO ORDERED**.

Dated: April 11, 2017

_____
SUSAN ILLSTON
`United States District Judge