UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GREGORIO A. MALDONADO,

    Plaintiff,

    v.

CANO,

    Defendant.

Case No. 16-cv-04406-SI

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Re: Dkt. No. 18

This is a *pro se* prisoner's civil rights action under 42 U.S.C. § 1983 in which Gregorio Maldonado asserts an Eighth Amendment claim based on the failure of prison officials to protect him from other inmates in 2013. Two defendants were dismissed from this action and the remaining defendant has filed an unopposed motion for summary judgment on the ground that Maldonado did not exhaust administrative remedies. For the reasons discussed below, the motion for summary judgment will be granted and judgment will be entered against Maldonado.

**BACKGROUND**

A.    <u>The Claims Alleged And Procedural History Of The Case</u>

The complaint alleged the following: On or about January 30, 2013, Maldonado arrived at San Quentin State Prison, and was housed together in the same unit with inmate Rodriguez, a gang member. On or about February 7, 2013, correctional officer (C/O) Williams instructed Maldonado to move away from Rodriguez for security reasons. Inmate Rodriguez was later moved by C/O Williams to another section in the same prison unit. On or about April 16, 2013, Rodriguez moved back into the cell, threatened Maldonado, and told Maldonado to move. Maldonado told C/O Lee about inmate Rodriguez's threats, but C/O Lee did nothing. On May 9, 2013, Maldonado

1 moved into a cell with Ramos, another gang member, who robbed him of canteen items and
2 threatened to kill him. Maldonado informed C/O Williams of the death threats by the ZETA
3 prison gang and inmate Ramos, but C/O Williams did not help him. After Ramos threatened
4 Maldonado again on or about May 21, Maldonado informed C/O Cano that his life was in danger
5 from the prison gang. C/O Cano failed to provide him with protective custody. On or about
6 May 21, 2013, Ramos assaulted Maldonado with a shank while Rodriguez was present.

The court determined that the complaint, liberally construed, stated a cognizable Eighth Amendment claim against C/Os Williams, Lee and Cano for deliberate indifference to Maldonado's safety. Docket No. 3. Service of process was ordered on these defendants. Service of process problems developed for Williams and Lee, who could not be served with the minimal information Maldonado had provided. After giving Maldonado an opportunity to provide further identifying information for them, and not receiving further identifying information, the court dismissed Williams and Lee from the action without prejudice. Docket Nos. 16 and 17. That left C/O Cano as the only remaining defendant.

C/O Cano has moved for summary judgment on the ground that Maldonado has not exhausted administrative remedies for the claim alleged in the complaint. Maldonado has not filed an opposition to that motion, and the deadline by which to do so has passed.

B. <u>Administrative Exhaustion Facts</u>

An inmate in California must proceed though three levels and receive a decision from the third level (also known as the "Director's level") of the inmate administrative appeal system to exhaust his administrative remedies. Some inmate appeals are turned away at lower levels in the administrative appeal system, as may occur when an inmate's appeal is screened out (for the inmate to cure deficiencies and resubmit the appeal) or cancelled for noncompliance with certain procedural rules. Defendant's motion is based on a cancelled inmate appeal.

The following facts are undisputed unless otherwise noted:

On December 1, 2013, Maldonado filed an inmate appeal (log # SQ-14-00415) alleging that he was attacked and beaten by inmates on May 21, 2013, because of "employee

2

misconduct/negligence," i.e., custody staff knew he was going to be attacked but "took no action to prevent this attack." Docket No. 18-1 at 8, 10.

Maldonado's inmate appeal (log # SQ-14-00415) was rejected by the Office of Appeals for bypassing the lower level(s) of review. Docket No. 18-1 at 3, 6. The inmate appeal later was canceled at the first level by the San Quentin inmate appeals coordinator on February 20, 2014, because Maldonado had failed to submit the appeal before the expiration of the 30-day deadline, as required by the regulations governing inmate appeals. The Office of Appeals issued a cancellation letter informing Maldonado that his appeal had been cancelled pursuant to California Code of Regulations, Title 15, § 3084.6(c)(4) because "[t]ime limits for submitting the appeal are exceeded even though you had the opportunity to submit within the prescribed time constraints. [¶] 30 day time limit has expired." Docket No. 18-1 at 13. The cancellation letter had a standard notice to the inmate that a cancelled appeal could not be resubmitted but the inmate could file an appeal to challenge the cancellation decision.[1]

Maldonado then filed a separate inmate appeal to challenge the cancellation decision. In this second appeal (log # SQ-14-1550), Maldonado urged that, because his previous appeal was a staff complaint, he was not untimely because he had a year to submit the appeal under California Code of Regulations, Title 15, § 3391(b). Docket No. 18-1 at 17. He also urged that his appeal was cancelled in error because the staff misconduct that led to his injuries "has continued and is ongoing." Docket No. 18-1 at 15.

The inmate appeal challenging the cancellation decision was rejected at the third and final level on December 3, 2014. The third level decision stated that the cancellation of the original

---

[1] The notice at the bottom of the first-level response provided the following information about rejected and cancelled appeals:

> Be advised that you cannot appeal a rejected appeal, but should take the corrective action necessary and resubmit the appeal within the timeframes specified in CCR 3084.6(a) and CCR 3084.8(b). Pursuant to CCR 3084.6(e), once an appeal has been cancelled, that appeal may not be resubmitted. However, a separate appeal can be filed on the cancellation decision. The original appeal may only be resubmitted if the appeal on the cancellation is granted.

Docket No. 18-1 at 13.

1 appeal (i.e., log # SQ-14-00415) was proper because Maldonado failed to present evidence that he
2 submitted the appeal in a timely manner. Docket No. 18-1 at 42-43.

## LEGAL STANDARD FOR SUMMARY JUDGMENT

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court will grant summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial . . . since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (a fact is material if it might affect the outcome of the suit under governing law, and a dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party").

Generally, when a defendant moves for summary judgment on an affirmative defense on which he bears the burden of proof at trial, he must come forward with evidence which would entitle him to a directed verdict if the evidence went uncontroverted at trial. *See Houghton v. South*, 965 F.2d 1532, 1536 (9th Cir. 1992). The failure to exhaust administrative remedies is an affirmative defense that must now be raised in a motion for summary judgment. *See Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc). On a motion for summary judgment for nonexhaustion, the defendant has the initial burden to prove "that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." *Id.* at 1172. If defendant carries that burden, the "burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.* The ultimate burden of proof remains with the defendant, however. *Id.* If material facts are disputed, summary judgment should be denied, and the "district judge rather than a jury should determine the facts" on the exhaustion question, *id.* at 1166, "in the same manner a judge rather than a jury decides disputed

factual questions relevant to jurisdiction and venue," *id.* at 1170-71.

The court's function on a summary judgment motion is not to make credibility determinations or weigh conflicting evidence with respect to a disputed material fact. *See T.W. Elec. Serv. Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). The evidence must be viewed in the light most favorable to the nonmoving party, and the inferences to be drawn from the facts must be viewed in a light most favorable to the nonmoving party. *See id.* at 631.

A verified complaint may be used as an opposing affidavit under Rule 56, as long as it is based on personal knowledge and sets forth specific facts admissible in evidence. *See Schroeder v. McDonald*, 55 F.3d 454, 460 & nn.10-11 (9th Cir. 1995) (treating plaintiff's verified complaint as opposing affidavit where, even though verification not in conformity with 28 U.S.C. § 1746, plaintiff stated under penalty of perjury that contents were true and correct, and allegations were not based purely on his belief but on his personal knowledge). Maldonado's complaint is verified and therefore may be considered as evidence in opposition to the motion for summary judgment.

Maldonado has not filed an opposition to the motion for summary judgment. A court may not grant a summary judgment motion solely because the opposing party fails to file an opposition. The court still must review the sufficiency of defendant's motion under the summary judgment standard. *See Martinez v. Stanford*, 323 F.3d 1178, 1182-83 (9th Cir. 2003) (local rule cannot mandate automatic entry of judgment for moving party; court also must determine that movant has met summary judgment burden).

**DISCUSSION**

"No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion in prisoner cases covered by § 1997e(a) is mandatory. *Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016) (mandatory language of § 1997e(a) forecloses judicial discretion to craft exceptions to the requirement). All available remedies must be exhausted; those

remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" *Porter,* 534 U.S. at 524. An inmate "need not exhaust *unavailable* [remedies]," however. *Ross*, 136 S. Ct. at 1858 (emphasis added). An administrative remedy is unavailable if "it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates;" or if it is "so opaque that it becomes, practically speaking, incapable of use;" or if "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 1859–60.

Exhaustion of available remedies is a prerequisite to suit even if the prisoner seeks relief not available in grievance proceedings, such as money damages. *Booth v. Churner*, 532 U.S. 731, 741 (2001). Section 1997e(a) requires "proper exhaustion" of available administrative remedies. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). Proper exhaustion requires using all steps of an administrative process and complying with "deadlines and other critical procedural rules." *Id.* at 90.

The State of California provides its inmates and parolees the right to appeal administratively "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a). Generally, an inmate must submit the appeal within thirty days of the "occurrence of the event or decision being appealed, or . . . [u]pon first having knowledge of the action or decision being appealed, or . . . [u]pon receiving an unsatisfactory departmental response to an appeal filed." *Id.* § 3084.8(b). In order to exhaust available administrative remedies within this system, a prisoner must proceed through three formal levels of appeal and receive a decision from the Secretary of the CDCR or his designee. *Id.* § 3084.1(b), § 3084.7(d)(3). "The third level review constitutes the decision of the Secretary of the California Department of Corrections and Rehabilitation on an appeal, and shall be conducted by a designated representative under the supervision of the third level Appeals Chief or equivalent. The third level of review exhausts administrative remedies; however, this does not preclude amending a finding previously made at the third level." *Id.* § 3084.7(d)(3).

An inmate appeal may be cancelled for any of the eight reasons listed in the regulation. *See id.* § 3084.6(c).[2] Among the reasons for cancellation is that the inmate appeal is untimely. An appeal may be cancelled if the "[t]ime limits for submitting the appeal are exceeded even though the inmate or parolee had the opportunity to submit within the prescribed time constraints." *Id.* § 3084.6(c)(4). A cancellation decision under § 3084.6(c) does not exhaust administrative remedies. *Id.* § 3084.1(b). An inmate can appeal that decision to cancel his appeal by appealing the application of § 3084.6(c) to his original appeal; if he prevails on that separate appeal, the cancelled appeal later can be considered at the discretion of the appeals coordinator or the third level appeals chief. *Id.* § 3084.6(a)(3) and § 3084.6(e).

Defendant Cano has carried his burden to demonstrate that there were available administrative remedies for Maldonado and that Maldonado did not properly exhaust those available remedies. The undisputed evidence shows that California provides an administrative remedies system for California prisoners to complain about their conditions of confinement, and that Maldonado used that California inmate appeal system to complain about the events that give rise to his complaint. The undisputed evidence also shows that the only inmate appeal filed pertaining to the failure to protect Maldonado from inmates Ramos and Rodriguez was cancelled as untimely. As a result of cancellation of the inmate appeal due to Maldonado's failure to file the inmate appeal within 30 days of the event complained of as required by the regulation, Maldonado failed to properly exhaust his administrative remedies. *See Ngo*, 548 U.S. at 90-91 ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings").

---

[2] An inmate appeal also may be screened out, or rejected, for any of the sixteen defects listed in the regulation. *See* Cal. Code Regs. tit. 15, § 3084.6(b). The defects that may cause an inmate appeal to be screened out are capable of being corrected -- e.g., the inmate may be required to add information or documents, or make the appeal legible -- and the inmate may resubmit the appeal after correcting the defect. *See id.* § 3084.6(a)(2). A rejection decision under § 3084.6(b) does not exhaust administrative remedies. *Id.* § 3084.1(b).

Once defendant Cano met his initial burden, the burden shifted to Maldonado to come forward with evidence showing that something in his particular case made the existing administrative remedies effectively unavailable to him. *See Albino*, 747 F.3d at 1172. Maldonado has not met his burden to show the administrative remedies were effectively unavailable. Nor has he offered any convincing reason to excuse his failure to comply with the exhaustion requirement. The two arguments made by Maldonado when he appealed the cancellation decision do not excuse his failure to comply with the exhaustion requirement or show that remedies were effectively unavailable. He argued that, under California Code of Regulations, Title 15, § 3391(b), he had a year to file his inmate appeal because it was a staff complaint. But § 3391(b) applies only to "an allegation by a non-inmate of misconduct" rather than an allegation by an inmate, such as Maldonado. He also argued that his appeal was not untimely because it was about ongoing staff misconduct. But the text of Maldonado's original inmate appeal plainly discussed a particular incident rather than an ongoing problem, as he wrote: "On the date May 21, 2013, I was attacked and beatened [sic] by (3) inmates and received serious bodily hurt. Custody staff was completely aware that I was supposed to be attacked. Custody staff took no action to prevent this attack." Docket No. 18-1 at 8, 10.

Bearing in mind that defendant has the ultimate burden of proof on the defense and viewing the evidence in the light most favorable to Maldonado, the court concludes that defendant is entitled to judgment as a matter of law on the affirmative defense that Maldonado failed to exhaust administrative remedies for his Eighth Amendment claim. The action must be dismissed without prejudice to Maldonado filing a new action if he ever properly exhausts his administrative remedies.

**CONCLUSION**

For the foregoing reasons, defendant's motion for summary judgment is GRANTED. Docket No. 18. The action is dismissed without prejudice due to plaintiff's failure to exhaust administrative remedies before filing this action.

**IT IS SO ORDERED**.

Dated: August 30, 2017

_____
SUSAN ILLSTON
United States District Judge